[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 9236
The plaintiff wife, 58, and the defendant husband, 61, married on August 15, 1974 in Sri Lanka. The plaintiff has resided continuously in Connecticut since 1981. There was one child born issue of the marriage, a son who attained 18 years of age on July 13, 1995. He has graduated from high school.
The plaintiff is trained in the Montessori educational system and has held an international certificate since 1958. Prior to the marriage she had worked in the United States of America on a green card setting up schools in Duluth, Chicago, Columbus, Ohio and in Kentucky. During these years, the plaintiff had saved $40,000.00. She returned to Sri Lanka in May, 1974. After the marriage, the plaintiff continued to work in the United States of America while the defendant attended Purdue University on a travel expense paid Fulbright scholarship. He received a Ph.D in 1980. He then obtained a green card, and later in 1980 the parties relocated to Connecticut. The defendant had obtained a position with a consulting firm located in New York City. The plaintiff opened a Montessori school in Wilton in 1981 which she has continued to operate until the present time. The plaintiff lists a current monthly income of $3,116.00 after taxes. The plaintiff has established a substantial earning capacity over many years and now has the greater opportunity to acquire assets in the future.
The defendant was laid off in 1982 and remained unemployed until July, 1983 when he was hired by the City of Stamford.
The parties purchased their present marital home located at 2 Butternut Place, Wilton, Connecticut in October, 1988 paying $309,000.00 with $60,000.00 cash and a $249,000.00 mortgage securing the balance. The defendant contributed a minimal amount toward the purchase. An expert witness found the present fair market value to be $290,000.00. The court accepts this figure. There remains about $235,000.00 still due on the mortgage.
The defendant's employment by the City of Stamford as Principal Engineer ended when the city discharged him in early 1993. Since his pension had not vested he was refunded about $25,000.00. He has brought a wrongful discharge suit which is presently pending, primarily based on both age discrimination and race discrimination. He suffered an emotional upset affecting his ability to work and was able to qualify for Social Security CT Page 9237 disability benefits as of September, 1994. He currently receives $203.00 weekly from DSSI. As therapy he has been employed part-time by Stop and Shop, netting $75.00 weekly. The court infers from the award of DSSI that the defendant has no meaningful earning capacity at the present time. He also sub-leases his present residence in Danbury receiving $86.00 weekly to defray his monthly rent of $740.00.
The plaintiff attributes the breakdown to defendant's behavior in the several months in 1994 prior to this present dissolution suit in that he spent money at spas for sexual favors. The defendant freely acknowledged such behavior but attributed it to his upset condition and to the fact that all intimacy ended in the marriage in late 1992. The court finds the marriage was irretrievably broken down by the time this action was commenced in October 1994. The defendant attributed the breakdown to the plaintiff's failure to appreciate the defendant's education and background and her failure to acknowledge to him his standing as an eminent man.
In addition to joint ownership of the house equity of $55,000.00, the plaintiff has IRA totaling $12,800.00, a retirement plan valued at $30,302.00 and a profit sharing plan containing $21,516.00. The plaintiff places no value on her school Wilton Montessori Association, Inc. . The parties jointly borrowed $15,000.00 to found the school since repaid from school funds. She owns a 1995 Jeep Grand Cherokee with equity of $6,000.00 and a small house in Sri Lanka, value unknown. She owes $6,000.00 on credit cards and about $4,000.00 to her attorney. Prior to trial, the plaintiff had transferred a 1990 volvo station wagon to the son.
The defendant owns a 1980 chevrolet, has $2,217.00 on deposit, $1,010.00 of which is in Sri Lanka and IRA accounts totaling $14,375.00.
Their tangible personal property, furniture, and furnishings each values at $6,000.00.
Having reviewed the evidence in light of the statutory criteria, the court enters judgment dissolving the marriage on the ground of irretrievable breakdown and the following orders.
1. The plaintiff is awarded the defendant's interest in the marital home, 2 Butternut Place, Wilton, Connecticut, and the CT Page 9238 plaintiff shall be solely responsible for repayment of the mortgage, holding the defendant harmless and indemnified. Counsel for the plaintiff shall prepare the quit-claim deed, and the plaintiff shall pay any costs of transfer.
2. For said transfer, the plaintiff shall pay to the defendant the sum of $20,000.00 with $10,000.00 due in 90 days and the balance due in one year from date of judgment, all to be secured by a mortgage note and deed, but said sums shall be treated as court orders enforceable by contempt proceedings, if necessary, in addition to collection or foreclosure. The documents shall contain the usual mortgagee protection provisions.
3. The pendente order entered November 21, 1994 required the defendant to pay over to the plaintiff all DSSI checks of $425.00 monthly received for the minor son, Ruwan. Any checks still due shall be deducted from the first lump sum due to defendant in 90 days.
4. The plaintiff is ordered to pay periodic alimony of $100.00 weekly to the defendant until the death of either party, the defendant's remarriage, or further court order, but in no event shall the term of payment extend beyond January 31, 1999, such payments to be taxable to the defendant and deductible by the plaintiff. A contingent wage withholding order is entered. Payments shall be made directly to the defendant.
5. The defendant is awarded the family room carpet, the bar-b-cue gas grill, the basement refrigerator color off white, all the bookshelves and books in same, one 16" fan, one air conditioner, heaters, Mani Poola's tray, trunk currently in garage, two suit cases, wine glasses and cognac glasses, one table cloth, one set of bed sheets with two pillow cases, one comforter, and all alcoholic beverages. The plaintiff shall retain the living room carpet, the family room wall unit, the piano, the teak service trolley, two wall paintings, and all other items still in the marital home. The defendant shall be solely responsible for removing his items.
6. All other assets as presently owned shall continue to be so owned, free of any claim by the other party.
7. The plaintiff shall contribute 50% (or $1,758.00) to the Norwalk Hospital bill, to be treated as an adjustment to be paid directly to the creditor at the same time the first lump sum payment is due. CT Page 9239
8. All other debts listed by either party shall be paid solely by the party listing same.
9. The court appearance of the expert witness of $300.00 shall be paid by the plaintiff.
10. The maiden name Samarasinghe is restored to the plaintiff.
Counsel for the plaintiff shall draft the judgment file.
HARRIGAN, J.